## The Baptist Church &c. at Scotch Plains

*v.*

## Ezra D. Hetfield et al.

Upon a bill by the executors named in a will not yet admitted to probate a receiver was appointed to take the rents and profits of the real estate of the decedent, pending litigation upon *caveat* to the probate in the prerogative court and in ejectment by the heirs at law against the devisees for a portion of the land in the proper law court; afterward a verdict and judgment passed in the law court against the devisees upon the issue of *devisavit vel non*, and the will was admitted to probate in the prerogative court. On motion to withdraw the receiver—*Held*, that the judgment in the ejectment removed all uncertainty as to who was entitled to the possession of the land, and that the receiver would be withdrawn notwithstanding a writ of error was brought to review the judgment.

Petition and motion to withdraw receiver.

*Mr. R. V. Lindabury,* for the motion.

*Mr. Theodore Runyon, contra.*

PITNEY, V. C.

The bill in this case prayed for the appointment of a receiver to take charge of certain lands pending litigation in other courts as to its title. It did not pray relief. The receiver was appointed under the well-established jurisdiction and practice in such cases. *2 Dan. Ch. Pr. (5th ed.) 1725.*

According to the statement of the bill, the complainants claimed title by alleged devise by Frazee Lee, deceased, who died seized. The defendants claimed as heirs at law of the same decedent—Ezra D. Hetfield and Daniel Hetfield, two of the defendants, as heirs *ex parte materna,* and the other defendants *ex parte paterna.*

The executors propounded the alleged will for probate in the prerogative court. The two Hetfields brought ejectment for a portion of the lands in the Union county circuit court, where they are situate. The complainants were made parties defendant and defended the ejectment suit, and the defendants, the Hetfields, opposed the probate of the will. The result of the litigation in the prerogative court was, that the will was admitted to probate by the ordinary, and his action, unless changed on appeal, will be final and conclusive as to the personal estate. The issue in the circuit court was *devisavit vel non,* and the result was, that the jury found there was no devise, and verdict and judgment went in favor of the defendants as heirs at law. This judgment, until reversed on error, is conclusive as to the title of the defendants to the real estate, since the supreme court and circuit courts have full and exclusive jurisdiction of that question, and the determination of either upon it is final and conclusive, subject, of course, to reversal on error.

The land actually covered by the ejectment suit was but a small portion of that of which the decedent died seized, and of

which the receiver has possession. But the effect of the judgment in ejectment is, nevertheless, conclusive as to all the land of which he died seized (with the possible exception of such as he inherited from his father), since the issue tried and upon the determination of which the judgment in the circuit court rests, was devise or no devise. In another action by the Hetfields, or their assigns, in ejectment for another part of the lands, the complainants would not be permitted to again litigate that question, and the plaintiffs would be entitled to recover upon production of the judgment record in the first action and proof that the question there was devise or no devise. *Freem. Judg.* §§ *246, 249, 252–260*, and cases cited.

And it would seem that the fact that a writ of error was pending would not vary the result, though it might be a reason why the court would retain control of the verdict and judgment until the proceedings in error were determined.

The defendants contend, that in this posture of affairs, there is no reason why the receiver should be continued, and they further excluded from the possession of their property. On the other hand, it is asserted that the litigation is not ended—that a writ of error has been brought to review the judgment in ejectment, which may lead to a reversal, a new trial and a different result.

The ground upon which the receiver was appointed was the uncertainty then existing as to who would ultimately be entitled to the land, and the inability of either of the courts in which the litigation was progressing to deal with land and its rents, pending the litigation. Defendants contend that such uncertainty has been removed, and their right established by the judgment of the circuit court, and that a mere writ of error is not sufficient to disturb or throw doubt upon it.

I can find no precedent precisely in point to guide the court in the present situation, the peculiarity of which arises out of the constitution of our courts. The English cases, or such as I have seen, are all those of litigation in the probate courts only, and deal in almost every instance with personal property. The only case I have found where the court was asked to deal with realty was

in *Knight* v. *Duplessis, 1 Ves. Sr. 324,* which was a case of a bill by the heir at law *" to controvert the will "* pending application to prove it in the ecclesiastical court, and Lord Hardwicke refused a receiver.

All the older cases are collected in *Wood* v. *Hitchings, 2 Beav. 289.*

The rule, as stated by Vice-Chancellor Wigram in *Rendall* v. *Rendall, 1 Hare 152* (where the cases are reviewed), at *p. 154,* is :

*"First.* Where probate or administration has been granted, a receiver will not be appointed pending litigation in the ecclesiastical courts to recall probate, unless a special case be made for doing so.

*"Secondly.* Where no probate has been granted, it is of course to appoint a receiver pending a *bona fide* litigation in the ecclesiastical courts to determine the right to probate or administration, unless a special case can be made for not doing so."

This rule was applied by Lord Langdale in *Newton* v. *Ricketts, 10 Beav. 525,* and sustained on appeal in that case by Lord Cottenham in a lengthy judgment, reported in *11 Jur. 662.*

There, a will had been admitted to probate *ex parte,* and the next of kin had instituted a suit in the prerogative court to recall the probate—a proceeding similar to an appeal to the orphans court from the decree of the surrogate in one of our counties. Pending this suit, a bill was filed by the next of kin, praying a receiver, which was refused in the absence of any special circumstance, such as the insolvency of the executors or the like.

I find no case where, after the probate of the will in the court of first instance and an appeal therefrom, the receiver was continued, nor any where a receiver was continued after verdict on the issue of *devisavit vel non.*

The application here of the principle which underlies Sir James Wigram's rule, results in the withdrawal of the receiver. A judgment has been rendered in favor of the defendants, which entitles them, until reversed, to the possession of all these lands. It was admitted on the argument that they are amply responsible pecuniarily to answer for the rents if judgment should be reversed. Besides, there can be no presumption that it will be

reversed. If it had been rendered before application for the receiver, none would have been appointed. It stands as the actual final determination and judgment of a court of competent jurisdiction, that Frazee Lee died intestate as to his real estate. Upon what principle, then, can this court say to the heir at law, You are not yet entitled to the possession of your property? What ground is there for saying that there is any uncertainty, in legal contemplation, as to who is entitled to the possession? I know of none.

The receiver must be withdrawn.

The allegation found in the bill, that the two Hetfields do not inherit all the real estate, but that other persons mentioned and made parties to the bill will inherit certain portions which came to the decedent *ex parte paterna,* was not mentioned at the argument.

If there be any dispute among the defendants as to which of them is entitled to any particular parcel of land, and for that or any other reason either of them desires the receiver retained as to any parcel, application may be made for that purpose.